UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re<br><br>SPARC FOUNDRY, LLC,<br><br>Debtor | Chapter 7<br>Case No. 24-02116-eg |

**MOTION FOR ORDER REQUIRING PRODUCTION
OF DOCUMENTS AND EXAMINATION OF THE DEBTOR PURSUANT TO RULE
2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Bitmain Technologies Georgia Limited ("**Bitmain**") moves the Court pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure for the entry of an Order directing the Debtor Sparc Foundry, LLC ("**Sparc**" or "**Debtor**") to produce documents and tangible things and be examined pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). In support of its Motion, Bitmain states the following:

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b). Venue of the Debtor's Chapter 7 case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The legal predicate for the relief requested by the Motion is Bankruptcy Rule 2004.

**BACKGROUND**

2. On June 12, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition for relied under Chapter 7 of the Bankruptcy Code. Janet Haigler was duly appointed as Trustee.

3. Bitmain is a creditor of the Debtor, having advanced $2,581,437.60 to an affiliate of the Debtor, Bennettech, LLC, the principals of which caused the formation of the Debtor

allegedly to carry out the terms of an agreement with Bitmain to provide hosting services at a dedicated data center. Bennettech and the Debtor defaulted under the agreement, power was cut off to the data center after only 30 days of operation, and Bitmain suffered the loss of its deposit, the loss of its equipment at the site, and the loss of its reasonably anticipated benefits from the operation of the data center.

4. Bitmain subsequently commenced an arbitration proceeding against Bennettech and the Debtor. The Debtor then commenced this proceeding.

5. The Debtor appeared at the initial meeting of creditors in accordance with 11 USC § 341 on July 8, 2024 through Lixiong Hao ("Lawrence") and Jingrui Yu ("Ray") and a continued meeting on August 2, 2024. Messrs. Hao and Yu testified that the Debtor was formed for the sole purpose of entering into the contract with the Marlboro electric cooperative that provided utility service to the data center. The Debtor has no revenue, no employees and no books and records. The Debtor is a 100% subsidiary of Bennettech, LLC ("**Bennettech**"). Bennettech is in turn owned 75% by AGA Capital, LLC (f/k/a AGA Mining) and 25% by Lamill Holding Company. AGA Capital is owned 60% by Mr. Hao and 40% by Mr. Hu. Bennettech has no other members and no other operations beyond the contract for the data mining center at Bennettsville, SC.

6. The schedules filed by the Debtor indicate that in 2023, Bennettech made a "loan and capital contribution" of $3,368,178.22 to the Debtor, the Debtor's representatives could not speak to the existence or identity of any loan documents to support this transfer. Mr. Hao and Mr. Yu testified that the source of the Bennettech funds was capital they contributed personally.

7. The Section 341 meeting was necessarily time-limited, and Bitmain has additional inquiries concerning the Debtor's assets, its relationship to Bennettech, AGA Capital and Messrs. Hao and Yu.

8. Accordingly, Bitmain seeks to take the deposition of Messsrs. Hao and Yu and to have the Debtor produce documents.

## RELIEF REQUESTED

9. By this Motion, Bitmain requests that the Court enter an Order pursuant to Bankruptcy Rule 2004 granting this Motion and authorizing and ordering: (i) The Debtor to produce documents and tangible things identified in **Exhibit A** attached hereto; and (ii) the examination of Mr. Hao and Mr. Yu under oath on September 10, 2024 beginning at 10 a.m. at the offices of Nelson Mullins Riley & Scarborough LLP, located at 1320 Main Street, 17th Floor, Columbia, South Carolina, or such other time and place as may be mutually convenient to the parties, with such examination to continue until such time as it is complete.

## BASIS FOR RELIEF

10. It is necessary and appropriate that Mr. Ho and Mr. Yu testify at a Bankruptcy Rule 2004 examination and produce the documents and tangible things identified in Exhibit A attached hereto and other such relevant documents as are determined to exist pursuant to an examination under Bankruptcy Rule 2004.

11. Pursuant to Bankruptcy Rule 2004, any party in interest may move for the examination of any entity. As a creditor, Bitmain is a party in interest. *See, e.g.*, 11 U.S.C. § 704.

12. Further, Bankruptcy Rule 9001(5), provides as follows:

> "Debtor." When any act is required by these rules to be performed by a debtor or when it is necessary to compel attendance of a debtor for examination and the debtor is not a natural person: (A) if the debtor is a corporation, "debtor" includes, if designated by the court, *any or all of its officers, members of its board of directors or trustees or of a similar controlling body, a controlling stockholder or member, or any other person in control* . . . .

(emphasis added).

13.     Bitmain requests that the Court order the examination of the Debtor regarding any and all matters concerning the acts, conduct, or property, or the liabilities and financial condition of the Debtor, or any matter which may affect the administration of the Debtor's estate, including but not limited to, all matters relating to the documents and tangible things requested in Exhibit A (and for any other purpose as permitted by Bankruptcy Rule 2004).

14.     The purposes of this Motion and relief sought herein conform with the purposes and language of Bankruptcy Rule 2004. Accordingly, as is common in most courts, the order granting this Motion can be entered immediately upon the filing of this Motion and on an *ex parte* basis. *See, e.g.*, *In re Symington*, 209 B.R. 678, 689 (Bankr. D. Md. 1997) ("Rule 2004 motions are generally granted *ex parte* . . . .").

15.     The scope of an examination under Rule 2004 of the Bankruptcy Rules is "exceptionally broad." *In re North Plaza, LLC*, 395 B.R. 113, 122 n. 9 (S.D. Cal. 2008); *In re Washington Mut., Inc.*, 408 B.R. 45, 49 (Bankr. D. Del. 2009) ("The scope of a Rule 2004 examination is unfettered and broad.") (internal quotation marks omitted). "Examinations pursuant to Rule 2004 have been characterized as being tantamount to a fishing expedition." *In re Martin*, 403 B.R. 359, 362 (Bankr. D.S.C. 2009).

16.     Bitmain's Motion should be granted because it seeks information pertaining to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any

4

matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Bankruptcy Rule 2004(b).

WHEREFORE, Bitmain prays that the Court enter an Order, pursuant to Bankruptcy Rule 2004, granting this Motion and authorizing and ordering: (i) the production by the Debtor of the documents and tangible things identified in Exhibit A attached hereto; (ii) the examination of Mr. Hao and Mr. Yu under oath on September 10, 2024 beginning at 10 a.m. at the offices of Nelson Mullins Riley & Scarborough LLP, located at 1320 Main Street, 17th Floor, Columbia, South Carolina, or such other time and place as may be mutually convenient to the parties, with such examination to continue until such time as it is complete; and (iii) any and all further relief that the Court deems appropriate.

*<<Signature Page Below>>*

Respectfully Submitted,

NELSON MULLINS RILEY & SCARBOROUGH L.L.P.

By: */s/Jody A. Bedenbaugh*
    Jody A. Bedenbaugh D.S.C. ID No. 9210
    Email: Jody.Bedenbaugh@nelsonmullins.com
    Paul T. Collins, D.S.C. ID No. 9055
    Email: Paul.Collins@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211)
    Columbia, SC  29201
    Telephone: (803) 799-2000
    Facsimile: (803) 256-7500

-and-

Peter J. Haley
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, MA 02111
Tel. (617) 217-4714
Email: peter.haley@nelsonmullins.com

*Attorneys for Bitmain Technologies Georgia Limited*

Columbia, South Carolina
August 7, 2024

# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re<br><br>SPARC FOUNDRY, LLC,<br><br>Debtor | Chapter 7<br>Case No. 24-02116-eg |

**BITMAIN TECHNOLOGIES GEORGIA LIMITED'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEBTOR**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, as made applicable by the Federal Rules of Bankruptcy Procedure and the Instructions and Definitions below, Bitmain Technologies Georgia Limited ("Bitmain") propounds the following request for production of documents upon the Debtor Sparc Foundry, LLC ("Debtor").  Documents responsive to these requests are to be produced for inspection and copying at the office of counsel to Bitmain or as otherwise agreed.

## **DEFINITIONS**

1. As used herein, the term "Debtor" shall refer to Sparc Foundry, LLC its affiliates, officers, directors, employees, agents, managers, attorneys, any person acting or purporting to act on its behalf, including but not limited to Bennettech, LLC and its affiliates, officers, directors, employees, agents, managers, attorneys, any person acting or purporting to act on its behalf.

2. As used herein the term "Bankruptcy Case" shall mean the bankruptcy proceeding of Sparc Foundry, LLC in the United States Bankruptcy Court for the District of South Carolina.

3. As used herein the term "Bennettech" shall mean Bennettech, LLC and its predecessors, successors and their affiliates, officers, directors, employees, agents, managers, attorneys, any person acting or purporting to act on its behalf.

4. As used herein the term "document" shall mean that information defined by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7034, including, but not limited to, all electronically stored information.

5. These requests, unless otherwise specified, relate to the period of time commencing January 1, 2023 through the date of any hearing in this action.

## SPECIFIC INSTRUCTIONS

1. The documents requested are to be segregated by category when produced for inspection and copying. Documents to be produced include not only originals of all documents, but also all drafts and copies of any requested documents, by whatever means made, which bear any marking or other notation or differ in any way from the original.

2. The requests require supplemental responses and shall be deemed to be continuing up to the date of any evidentiary hearing.

3. The use of a specific term or item by way of example or illustration is not intended to limit the generality of the request or the definition applicable to it.

4. The singular form of the word should be interpreted as plural and the plural as singular, as necessary. Similarly, words written in the masculine include the feminine and vice versa, and words written in the present tense include the past and future and vice versa.

5. If you are refusing to produce any document or a part of any document in response to a request on the basis of privilege, you shall serve upon Nelson Mullins, at the same time a response is served, the following information regarding that document:

(a) the name(s) and title(s), if applicable, of its author(s), sender(s), addressee(s), recipient(s), or of others for whom the document was intended or by whom it was reviewed and of those to whom a copy has been furnished;

(b) in a separate list, the names of any of the above-named persons who are attorneys and acted as such concerning the document in question;

(c) the present location of the document and any copies thereof;

(d) the date of the document, if any, or an estimate of the date; and

(e) sufficient further information pertaining to the document and the circumstances thereof to explain the claim of privilege and to permit the adjudication of the propriety of the claim that is protected by privilege.

6. In the event that the Debtor has reason to believe that any document requested has been destroyed or was transferred from Debtor's possession, custody or control, each such document should be identified by date, author and subject matter and should be further identified with respect to each paragraph of this request calling for that document. The reason for the destruction or transfer should also be stated, along with the date of destruction or transfer.

7. A document in the possession, custody, or control of another person is considered to be in a party's possession, custody, or control if the party has a right or privilege to examine it upon request or demand.

## REQUESTS FOR PRODUCTION

1. All documents which constitute, concern, refer or relate to communications between Bennettech and the Debtor.

2. All documents which constitute, concern, refer or relate to communications between AGA Capital, LLC and the Debtor.

3. All documents which constitute, concern, refer or relate to communications between Lamill Holding Company and the Debtor.

4. All documents which constitute, concern, refer or relate to any loans or capital contributions made to the Debtor.

5. All documents which constitute, concern, refer or relate to the Debtor's local, state and federal tax filings and returns for the period 2023 through 2024.

6. All documents which constitute, concern, refer or relate to income statements, balance sheets or any other periodic or annual financial reporting by the Debtor.

7. All documents which constitute, concern, refer or relate to the Debtor's operating agreement.

8. All documents which constitute, concern, refer or relate to any loans, capital or other amounts contributed directly or indirectly to the Debtor by Bennettech, AGA Capital, LLC, Lamill Holding Company, Lixiong Hao or Jingrui Yu, regardless of when those documents were created.

9. All documents which constitute, concern, refer or relate to any distributions made by or on behalf of the Debtor directly or indirectly to Bennettech, AGA Capital, LLC, Lamill Holding Company, Lixiong Hao or Jingrui Yu, regardless of when those documents were created.

10. All documents which constitute, concern, refer or relate to the Debtor's payment of attorneys' fee in the Bankruptcy Case.

11. All documents which constitute, concern, refer or relate to the authorization of the Debtor for the commencement of the Bankruptcy Case.

12. All documents which constitute, concern, refer or relate to the source of the deposit payment made to Marlboro Electric Cooperative, Inc.

13. All documents which constitute, concern, refer or relate to the contract between David Gregg and the Debtor.

14. All documents which constitute, concern, refer or relate to the causes of action held by the Debtor against David Gregg and the Marlboro Electric Cooperative, Inc.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

In re

SPARC FOUNDRY, LLC,

Chapter 7
Case No. 24-02116-eg

Debtor

## CERTIFICATE OF SERVICE

I the undersigned with the law offices of Nelson Mullins Riley & Scarborough LLP, attorneys for Bitmain Technologies Georgia Limited, do hereby certify that I have served all parties in this action with a copy of the pleading(s) hereinbelow specified by either mailing a copy of the same by United States Mail, postage prepaid, or electronic service through the court's CM/ECF case filing system to the following:

Pleadings:	Motion for Order Requiring Production of Documents and Examination of the Debtor Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure

Parties Served Via US Mail:

Sparc Foundry, LLC
2600 Marlboro Way
Bennettsville, SC 29512

Lixiong Hao
c/o Richard R. Gleissner
Gleissner Law Firm, L.L.C.
1316 Washington Street, Suite 101
Columbia, SC 29201

Jingrui Yu
c/o Richard R. Gleissner
Gleissner Law Firm, L.L.C.
1316 Washington Street, Suite 101
Columbia, SC 29201

       US Trustee's Office
       Strom Thurmond Federal Building
       1835 Assembly St., Suite 953
       Columbia, SC 29201

Parties Served via CM/ECF:

       Richard R. Gleissner
       rick@gleissnerlaw.com

       Janet B. Haigler
       jhaigler@haiglerlawfirm.com

                                  /s/Jody A. Bedenbaugh
                                  Jody A. Bedenbaugh

Columbia, South Carolina
August 7, 2024