IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re: Sparc Foundry, LLC <br><br> Debtor, | ) <br> ) Case No.: 2024-02116-eg <br> ) <br> ) **MOTION FOR PROTECTIVE ORDER** <br> ) |

TO:    JODY A. BEDENBAUGH, ESQUIRE AND PETER J. HALEY, ESQUIRE, NELSON MULLINS RILEY & SCARBOROUGH, LLC, ATTORNEYS FOR BITMAIN TECHNOLOGIES GEORGIA LIMITED:

Sparc Foundry, LLC ("Sparc" or the "Debtor") hereby moves for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (the "Federal Rules") concerning the Rule 2004 Examination sought by Bitmain Technologies Georgia Limited ("Bitmain"). Bitmain filed a motion requiring the production of documents and examination of the Debtor pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") filed on August 7, 2024 (the "2004 Motion") (Docket 16) and obtained an Order from the Court authorizing the examination (the "2004 Order") (Docket 23).

The 2004 Order requires Lixiong Hao ("Hao") and Jingrui Yu ("Yu") to submit to an examination at the offices of Bitmain's Counsel, located at 1320 Main Street, 17th Floor, Columbia, SC. Bitmain's Counsel seeking to take the examination has his offices in Boston, Massachusetts. When counsel for Sparc pointed out to the attorneys for Bitmain that both Hao and Yu were residents of the State of California and suggested that perhaps the parties could agree to have the Rule 2004 Examination done via Zoom to save everyone the expense of traveling to Columbia, SC for the examination, that proposal was rejected. Attached hereto as Exhibit 1 is the exchange of emails between counsel for the Debtor and Counsel for Bitmain. Exhibit 1 establishes that the attorney for the Debtor attempted to resolve this issue without the

1

necessity of filing this motion for a protective order.

Attached hereto as Exhibit 2 and Exhibit 3 which are affidavits from Hao and Yu stating that their place of residence is California and that they do not presently conduct business in South Carolina. Both testified during the first meeting of creditors that they reside in California and the first meeting of creditors was conducted via Zoom.

Sparc first seeks a protective Order pursuant to Federal Rule 26(c) that provides that the examination will be conducted by Zoom or an equivalent electronic video conferencing mechanism. In today's world of video conferencing there is no reason to drag someone across the country for a Rule 2004 Examination. Further, Bankruptcy Rule 2004 is limited in its ability to drag people from their home by Bankruptcy Rule 9016 which incorporates the limitations of Federal Rule 45. Rule 45 generally has a limit of 100 miles of where the person resides and in this case, California is more than 100 miles from Columbia, South Carolina.

Second, Sparc seeks a protective Order on the scope of the examination. In the email from counsel for the debtor dated August 23, 2024, counsel mentions the limitation on the use of Rule 2004 examinations in litigation. The reason counsel mentioned this limitation is because Bitmain brought an arbitration proceeding against the parent of Sparc, Bennetech, LLC ("Bennetech") in Georgia (Arbitration Proceeding Number 01-24-0005-7869) and has brought counterclaims against Bennetech's owners, Lamill Holding Company ("Lamill") and Aga Capital, LLC f/k/a Aga Mining, LLC, ("Aga") in the Federal District Court of South Carolina in case number 4:24-cv-04267-JD. As can be clearly seen in the documents requested for production, the first three requests seek information about Bennetech, Aga and Lamill. Thus, it is believed that the purpose of the Rule 2004 Examination doesn't have anything to do with Sparc or its operation, but instead is an effort to engage in discovery relating to Bitmain's other

litigation.

As this Court has held in the bankruptcy case of *In re: Jasper Pellets*, LLC, 647 B.R. 151 (Bankr. S.C. 2022), South Carolina follows the "pending proceeding rule". Thus, questions concerning Bennetech, Aga and Lamill should be dealt with in those pending proceedings, not in a Rule 2004 Examination. Question relevant to the litigation should be determined to be outside of the scope of the 2004 Examination or at the very least the Court should order that the Rule 2004 examination will not be used for any purpose in the pending proceedings.

As provided in Rule 26(c)(1), the court may order the following relief:

1. That the discovery not be had; or

2. That the discovery may be had only on specified terms and conditions, including a designation of time and place; or

3. That the discovery may be limited into certain matters.

WHEREFORE the Defendants request a Court enter a protective Order pursuant to Federal Rule 26(c) to prevent the undue burden and expense upon Hao and Yu and to limit the scope of the examination to those relevant to the Debtor and not involving Bennettech, Aga and Lamill. The Debtor requests such other and further relief as the court deems just and proper.

Respectfully submitted,

\s Richard R. Gleissner
Richard R. Gleissner, Esquire
S.C. Dist. ID 5389
Gleissner Law Firm, L.L.C.
1316 Washington Street, Suite 101
Columbia, South Carolina 29201
(803) 787-0505
Attorney for the Debtor, Sparc Foundry, LLC

August 28, 2024