UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re<br><br>SPARC FOUNDRY, LLC,<br><br>Debtor | Chapter 7<br>Case No. 24-02116-eg |

# OPPOSITION OF BITMAIN TECHNOLOGIES GEORGIA LIMITED
# TO DEBTOR'S MOTION FOR PROTECTIVE ORDER

Bitmain Technologies Georgia Limited ("**Bitmain**") objects to the Debtor's Motion for Protective Order [Docket No. 25] (the "**Motion**"). In support of its opposition, Bitmain states the following:

1. On June 12, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition for relied under Chapter 7 of the Bankruptcy Code. Janet Haigler was duly appointed as Trustee.

2. Bitmain is a creditor of the Debtor, having advanced $2,581,437.60 to an affiliate of the Debtor, Bennettech, LLC, the principals of which caused the formation of the Debtor allegedly to carry out the terms of an agreement with Bitmain to provide hosting services at a dedicated data center. Bennettech and the Debtor defaulted under the agreement, power was cut off to the data center after only 30 days of operation, and Bitmain suffered the loss of its deposit, the loss of its equipment at the site, and the loss of its reasonably anticipated benefits from the operation of the data center.

3. Bitmain subsequently commenced an arbitration proceeding against Bennettech and the Debtor. The Debtor then commenced this proceeding.

4. The Debtor appeared at the initial meeting of creditors in accordance with 11 USC § 341 on July 8, 2024 through Lixiong Hao ("Lawrence") and Jingrui Yu ("Ray") and a continued meeting on August 2, 2024. Messrs. Hao and Yu testified that the Debtor was formed for the sole purpose of entering into the contract with the Marlboro electric cooperative that provided utility service to the data center. The Debtor has no revenue, no employees and no books and records. The Debtor is a 100% subsidiary of Bennettech, LLC ("**Bennettech**"). Bennettech is in turn owned 75% by AGA Capital, LLC f/k/a AGA Mining ("**AGA**") and 25% by Lamill Holding Company ("**Lamill**"). AGA Capital is owned 60% by Mr. Hao and 40% by Mr. Hu. Bennettech has no other members and no other operations beyond the contract for the data mining center at Bennettsville, SC.

5. The schedules filed by the Debtor indicate that in 2023, Bennettech made a "loan and capital contribution" of $3,368,178.22 to the Debtor, the Debtor's representatives could not speak to the existence or identity of any loan documents to support this transfer. Mr. Hao and Mr. Yu testified that the source of the Bennettech funds was capital they contributed personally.

6. Mr. Hao and Mr. Hu, residents of California, appeared remotely at the Section 341 meeting to testify on behalf of the Debtor.

7. By Order dated August 9, 2024 [Docket No.23] the Court granted Bitmain's motion to conduct a Rule 2004 examination.

8. By Motion dated August 28, 2024, the Debtor moved the Court for the entry of a protective order seeking to have the deposition be conducted remotely and to otherwise limit the scope of the examination by prohibiting inquiries into three affiliated entities, Bennettech, AGA and Lamill.

9. The Debtor has not cited any authority in support of its Motion to prohibit an in person examination.

*Place of Examination*

10. Rule 2004 provides that the Court, for cause shown, order the examination of the Debtor within or without the district in which the case is pending. Fed. R. Bankr. P. Rule 2004(d).

11. Rule 2004(c) incorporates Rule 9016 providing for the ability to compel attendance at a deposition as provided by Fed. R. Civ. P. Rule 45. Fed. R. Bankr. P. Rule 2004(c).

12. A party seeking a protective order to avoid attendance at a deposition bears the burden to demonstrate good cause for such protection. L.D.M. v. LMH Health, 2021 WL 5906039 * 3, Civil Action No. 20-2491-DDC-GEB, (D. Kan. December 14, 2021); Warn v. Sears, 2024 WL 3557764 * 2, Civil Action No. 8:23-02466-PJM (D. Md. July 24, 2024). Courts have regularly recognized that in person depositions provide important non-verbal information not as easily ascertained remotely. L.D.M, supra. at *4.

13. Under Rule 30(b)(4), the decision concerning the conduct of the deposition, in person or remote, lies with the discretion of the Court. Warn. V. Sears, supra. Fed R. Civ. P. Rule 30(b)(4). The Court may compel attendance in person. See, In re Michalski, 449 B.R. 273 (Bankr. N.D. Ohio 2011).

14. In support of the Motion, the Debtor cites the cost of attendance and the lack of any reason to "drag someone across the country." The Debtor also cites the 100 mile limitation set forth at Fed. R. Civ. P. Rule 45 (c)(1)(A).

15. The 100 mile limit is not a bar to the conduct of the Rule 2004 exam in South Carolina as Rule 2004(d) provides the Court with authority to compel attendance within this district and Fed. R. Civ. P. 45(c)(1)(B) provides that a party's officer may be compelled to attend a deposition in the state where it regularly conducts business, which for the Debtor is South Carolina.

16. The alleged "cost" and inconvenience impediments seem more pretextual than real in this matter. As they testified at the Section 341 meeting, Mr. Hao and Mr. Hu have recently invested over $3.3 million of personal funds to establish the Debtor's operations. It seems unlikely that travel costs of less than $5,000 would impose a financial burden on them and they have not suggested otherwise or provided the Court with any evidence of any such burden.

17. While unnecessary inconvenience to others is always best avoided, there is to the present issue an unattractive air of lèse-majesté to the Debtor's arguments, as if having availed themselves of the benefits of doing business in South Carolina and left over $5 million in unpaid claims, their affidavits attesting to the fact that since the failure of their business they now don't conduct any business in South Carolina should be sufficient cause for them to avoid having to travel to the district in which they seek to avoid these obligations.

18. The Debtor has no employees and there are no other persons connected to its operations in any manner other than Mr. Hao and Mr. Hu. The question of whether you should be allowed to incorporate a business in South Carolina, leave millions of dollars of unpaid debt, avail yourself of the benefits of the bankruptcy court and never have to be troubled to appear within the District in person should be answered in the negative.

19. Inconvenience should be of secondary concern when measured against the weightier values of fairness and respect.

*Scope of Examination*

20.	The Debtor in the Motion also asks that the Court limit the scope of any examination to matters that do not involve Bennettech, AGA and Lamill.

21.	The precedent establishing the scope of Rule 2004 exams consistently describes the allowable parameters as a "broad fishing expedition into an entity's affairs." See, In re Szadkowski, 198 B.R. 140, 141 (Bankr.D.Md.1996).

22.	The Debtor cites In re Jasper Pellets, LLC, 647 B.R. 151, 157 (Bankr. D. S.C. 2022) for the proposition that the Court should limit the exam to forbid inquiries relevant to a pending proceeding. In Jasper Pellets the Court was addressing a situation in which there was a pending adversary proceeding in the Bankruptcy Court involving a bidder for the Debtor's assets. That is not the case here.

23.	Questions directed to the Debtor's relationships with Bennettech, AGA and Lamill are directly relevant to the assets and liabilities of the Debtor Sparc, which shares common equity holders and otherwise, on its own, has none of the hallmarks of an independent business enterprise, no books, records, employees or anything else to validate its separate existence. Bitmain does not seek to litigate its business dispute with Bennettech in the guise of the Rule 2004 examination, but the Debtor should not be allowed to use that shield offensively to prevent Bitmain from making inquiries into its relationships and dealings with Bennettech, AGA and Lamill. If the Debtor was a convenient shell entity used to obscure the liability of its affiliates then the facts that support or do not support those arguments are entirely appropriate for, and necessary to, any examination of the Debtor under Rule 2004.

WHEREFORE, Bitmain prays that the Court deny the Motion and grant any and all further relief that the Court deems appropriate.

Respectfully Submitted,

NELSON MULLINS RILEY & SCARBOROUGH L.L.P.

By: /s/Jody A. Bedenbaugh
Jody A. Bedenbaugh D.S.C. ID No. 9210
Email: Jody.Bedenbaugh@nelsonmullins.com
Paul T. Collins, D.S.C. ID No. 9055
Email: Paul.Collins@nelsonmullins.com
1320 Main Street / 17th Floor
Post Office Box 11070 (29211)
Columbia, SC  29201
Telephone: (803) 799-2000
Facsimile: (803) 256-7500

-and-

Peter J. Haley
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, MA 02111
Tel. (617) 217-4714
Email: peter.haley@nelsonmullins.com

*Attorneys for Bitmain Technologies Georgia Limited*

Columbia, South Carolina
September 5, 2024

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re<br><br>SPARC FOUNDRY, LLC,<br><br><br>Debtor | Chapter 7<br>Case No. 24-02116-eg |

**CERTIFICATE OF SERVICE**

I the undersigned with the law offices of Nelson Mullins Riley & Scarborough LLP, attorneys for Bitmain Technologies Georgia Limited, do hereby certify that I have served all parties in this action with a copy of the pleading(s) hereinbelow specified by either mailing a copy of the same by United States Mail, postage prepaid, or electronic service through the court's CM/ECF case filing system to the following:

Pleadings:

OPPOSITION OF BITMAIN TECHNOLOGIES GEORGIA LIMITED
TO DEBTOR'S MOTION FOR PROTECTIVE ORDER

Parties Served Via US Mail:

    Sparc Foundry, LLC
    2600 Marlboro Way
    Bennettsville, SC 29512

    Lixiong Hao
    c/o Richard R. Gleissner
    Gleissner Law Firm, L.L.C.
    1316 Washington Street, Suite 101
    Columbia, SC 29201

    Jingrui Yu
    c/o Richard R. Gleissner
    Gleissner Law Firm, L.L.C.
    1316 Washington Street, Suite 101
    Columbia, SC 29201

        US Trustee's Office
        Strom Thurmond Federal Building
        1835 Assembly St., Suite 953
        Columbia, SC 29201

Parties Served via CM/ECF:

        Richard R. Gleissner
        rick@gleissnerlaw.com

        Janet B. Haigler
        jhaigler@haiglerlawfirm.com

                                           /s/Linnea K. Hann
                                           Linnea K. Hann

Columbia, South Carolina
September 5, 2024