**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **24-02116-eg**

## Order on Motion for Protective Order

The relief set forth on the following pages, for a total of 13 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**09/16/2024**



Entered: 09/16/2024

Elisabetta G. M. Gasparini
US Bankruptcy Judge
District of South Carolina

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 24-02116-EG |
| Sparc Foundry, LLC, | Chapter 7 |
| Debtor(s). | ORDER ON MOTION FOR PROTECTIVE ORDER |

**THIS MATTER** is before the Court on the Motion for Protective Order (the "Motion")[1] filed by Sparc Foundry, LLC ("Debtor") seeking protection from the prior Order of this Court authorizing Bitmain Technologies Georgia Limited ("Bitmain") to conduct the examination of Lixiong Hao ("Hao") and Jingrui Yu ("Yu") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "2004 Examination"). Debtor asks the Court to order that the 2004 Examination (a) not take place; (b) proceed on specified terms and conditions, including that it takes place remotely through a videoconferencing platform; or (c) be limited in scope. Bitmain filed a timely Opposition to the Motion (the "Objection").[2] The Court held a hearing on September 10, 2024, at which counsel for Debtor and Bitmain were present. After consideration of the pleadings filed and the record before the Court, as well as the legal arguments presented at the hearing on the Motion, the Court makes the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on June 12, 2024 (the "Petition").[3] The Petition was signed by "Lixiong Hao" as Debtor's "Owner" and indicates that Debtor's principal place of business is in Bennettsville, South Carolina and its mailing address is a location in Charleston, South Carolina. On August 7, 2024, Debtor filed an

---

[1] ECF No. 25, filed Aug. 28, 2024.
[2] ECF No. 29, filed Sept. 5, 2024.
[3] ECF No. 1.

1

Amended Voluntary Petition, wherein Item 17 of Part 4 ("Declaration and signature of authorized representative of debtor") bears Hao's signature but includes an attachment with the following explanation: "Lixiong Hao signing on behalf of Debtor, Sparc Foundry, LLC, as the Manager of Aga Capital, LLC as manager of Bennettech, LLC as owner of Sparc Foundry, LLC."[4] Bennettech, LLC ("Bennettech") is the 100% owner of Debtor,[5] and it is in turn owned by Lamill Holding Company ("Lamill") and Aga Capital, LLC f/k/a Aga Mining, LLC ("AGA").[6] Hao is the 60% owner of AGA and Yu is the remaining 40% owner.

Debtor's schedules list assets with an estimated value of $4,575,851.00, consisting for the most part of potential recovery from litigation against Marlboro Electric Cooperative, Inc. ("Marlboro Electric"). Schedule D lists no secured creditors and, according to Schedule F, Debtor's non-priority unsecured debts are estimated to total $3,386,428.22. Aside from unliquidated or disputed claims listed at a "$0.00" or an "unknown" amount, the only liquidated, noncontingent and undisputed claims on Schedule F are two claims owed to Bennettech—Debtor's 100% shareholder—in the amounts of $2,288,101.00 and $1,080,327.22, respectively (the "Bennettech Debt"). The Bennettech Debt appears to arise from "Loan and Capital Contribution[s]" extended to Debtor in 2023.[7]

Debtor appeared through its representatives—Hao and Yu—at the initial meeting of creditors on July 8, 2024, in accordance with 11 U.S.C. § 341, and at the continued meeting held on August 2, 2024. The meetings of creditors were conducted through Zoom. On August 7, 2024, Bitmain filed a Motion for Order Requiring Production of Documents and Examination of the

---

[4] ECF No. 18. *See also* Amendment to Statement of Financial Affairs at ECF No. 19, which also includes the amended signature and explains Hao's relationship to Debtor.
[5] *See* Statement of Financial Affairs at Part 13, Item 26.
[6] *See* Motion at 2.
[7] *See* Statement of Financial Affairs at Part 1, Item 2. The total amount listed in the Statement of Financial Affairs--$3,368,178.22—is $250.00 less than the total of the two amounts reported in Schedule F.

2

Debtor Pursuant to Rule 2004 (the "2004 Motion").[8] In the 2004 Motion, Bitmain stated it was a creditor of Debtor by virtue of having advanced over $2.5 million to Bennettech, the principals of which caused the formation of Debtor allegedly to carry out the terms of an agreement with Bitmain to provide hosting services at a dedicated data center. According to Bitmain, at the § 341 meeting, Hao and Yu testified that the source of the Bennettech funds loaned to Debtor was capital they contributed personally. Bitmain further contends that Bennettech and Debtor subsequently defaulted under the agreement, power was cut off to the data center, and Bitmain suffered the loss of its deposit, its equipment at the site, and its reasonably anticipated benefits from the operation of the data center. Bitmain then commenced an arbitration proceeding against Bennettech in Georgia (the "Arbitration") and has brought counterclaims against Lamill and AGA in a case recently commenced in the U.S. District Court for the District of South Carolina, alleging, among other things, that Bennettech's corporate veil should be pierced to impose vicarious liability upon AGA and Lamill.[9]

The 2004 Motion requested that the Court enter an Order pursuant to Rule 2004 authorizing and ordering: (i) Debtor to produce documents and tangible things as identified in an exhibit attached to the motion, and (ii) the examination of Hao and Yu under oath on September 10, 2024, at Bitmain's counsel's offices in Columbia, South Carolina. The Court entered an order on August 9, 2024, which provided:

> Lixiong Hao and Jingrui Yu shall submit to be examined pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure under oath on September 10, 2024 beginning at 10 a.m. at the offices of Nelson Mullins Riley & Scarborough LLP, located at 1320 Main Street, 17th Floor, Columbia, South Carolina, *or such other time and place as may be mutually convenient to parties* . . . and Bitmain is

---

[8] ECF No. 16.
[9] *Lamill Holding Company and AGA Capital, LLC v. Bitmain Technology Georgia Limited*, Case No. 24-cv-04267-JD (the "Federal Action").

3

> authorized pursuant to Bankruptcy Rule 2006(c)[10] [sic] to compel Lixiong Hao and Jingrui Yu to appear and produce documents or electronically stored information.

(the "2004 Examination Order") (emphasis added).[11] Consistent with the Court's routine practice, the 2004 Examination Order was entered on an *ex parte* basis, as no apparent issue was discerned from a review of the docket. At the time the 2004 Examination Order was entered, the Court was not aware that Hao and Yu resided in California.

On August 28, 2024, Debtor filed the Motion currently before the Court. Debtor attached affidavits from Hao and Yu verifying that they reside in California and do not presently conduct business in South Carolina. In the Motion, Debtor seeks protection, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,[12] for the examination of Hao and Yu to be conducted by Zoom or an equivalent electronic video conferencing platform. Moreover, Debtor further seeks a protective order on the scope of the examination and cites to the "pending proceeding rule" to request a limitation on Bitmain's ability to ask questions concerning Bennettech, AGA, Lamill, and any other topics relevant to the litigation currently pending outside this Court.

In the Objection, Bitmain acknowledges and does not dispute that Hao and Yu are residents of California. At the hearing, Bitmain's counsel confirmed that its client is seeking Hao and Yu's examination in their capacity as officers and/or representatives of Debtor. Bitmain contends that the 100-mile limit set by Rule 2004(e) for the maximum distance from home a debtor can be required to travel without receiving reimbursement of travel expenses is not a bar to conducting

---

[10] The reference should have been to Rule 2004(c).
[11] ECF No. 23.
[12] Fed. R. Civ. P. 26(c) provides, in pertinent part:
    **(c) Protective Orders.**
        (1) ***In General.*** A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

4

the Rule 2004 examination in South Carolina, as Rule 2004(d) provides the Court with authority to compel attendance within this District. Moreover, Bitmain notes that Fed. R. Civ. P. 45(c)(1)(B) provides that a party's officer may be compelled to attend a deposition in the state where the party regularly conducts business—which, for Debtor, is South Carolina. As to the scope of the examination, Bitmain argues that the questioning should not be limited in scope because Debtor should not be allowed to shield itself from inquiries into the relationships and dealings with the other entities that are part of Debtor's corporate structure.

## CONCLUSIONS OF LAW

Debtor does not contest that a Rule 2004 examination of Hao and Yu can take place;[13] rather, the issues that arise are (a) whether Debtor's two representatives should be compelled to come to South Carolina to appear in person at the Rule 2004 examination when they reside in California, and (b) what the scope of the examination should entail.

From the outset, the Court notes that Debtor's reliance on Fed. R. Civ. P. 26(c) and Bitmain's reliance on Fed. R. Civ. P. 45(c)(1)(B)[14] are misplaced. The analysis of these issues should commence with Bankruptcy Rule 2004, upon which the Court relied to authorize the examination of Hao and Yu in the 2004 Examination Order. Rule 2004(b) allows the examination

---

[13] While the Motion seeks as one of the alternative reliefs that "the discovery not be had," the exhibits attached thereto include emails between counsel for Debtor and Bitmain wherein Bitmain's counsel inquired from Debtor's counsel, after the entry of the order: "I would like to agree on a date for the Rule 2004 depositions of your clients. Please let me know what dates would work on your side." Debtor's counsel responded: "I think we are okay with September 10, 2024, which is the date presently scheduled for. I will verify and get back to you. Are you ok doing it by Zoom?" At the hearing, Debtor's counsel did not dispute that Bitmain was entitled to take Debtor's 2004 Examination.

[14] Fed. R. Civ. P. 45(c) provides:
    (c) **Place of Compliance.**
        (1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
            (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
            (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
                (i) is a party or a party's officer . . . .

5

of any entity, including a debtor, and limits the scope of the examination to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."

### A. Place of Examination

The dispute revolves around the place where the examination would take place—Hao and Yu taking the position that it should be held through Zoom, and Bitmain requiring that it be held in person in South Carolina. Rule 2004(c) states that all entities may be compelled to attend the examination by the manner provided in Bankruptcy Rule 9016 for the attendance of witnesses at a hearing or trial, which in turn incorporates Fed. R. Civ. P. 45. At the hearing, counsel confirmed that no subpoenas were served on either Hao or Yu. As *Collier on Bankruptcy* notes:

> In addition to Rule 45 of the Federal Rules of Civil Procedure, the debtor may also be compelled to comply with the terms of a Rule 2004 examination under Rule 2004(d) by court order, or under Rule 2005 by arrest. When Rule 2004(d) is invoked to summon the debtor, there would be no need to involve Federal Rule of Civil Procedure 45 and Rule 9016, for no subpoena would be necessary. All that is necessary is a court order.

9 COLLIER ON BANKRUPTCY ¶ 2004.02 (16th ed. 2024) (citations omitted).

Bankruptcy Rule 2004(d) provides:

> **Time and place of examination of debtor**. The court may for cause shown *and on terms as it may impose* order the debtor to be examined under this rule *at any time or place it designates*, whether within or without the district wherein the case is pending.

Fed. R. Bankr. P. 2004(d) (emphasis added). The ability to compel a debtor's attendance for an examination at any place inside or outside of the district, however, is not without limitations. *See In re Little's Motor Co.,* 53 B.R. 635, 638 (Bankr. N.D. Ala. 1985) ("Bankruptcy Rules 2004 and 9001 permit the burden of certain duties of a corporation debtor to be imposed upon an officer . . . but they do not require that the entire financial burden connected with such duties be borne by him."). All the provisions of Fed. R. Civ. P. 45 apply to a debtor, as incorporated by Rule 2004(c),

6

except those concerning the geographical scope of the subpoena power and the tender of fees and mileage costs to the witness. *See* 9 COLLIER ON BANKRUPTCY ¶ 2004.02 (16th ed. 2024). Said differently, "[t]he debtor may be dragged in from any place," subject to the payment of mileage as set forth in Rule 2004(e). *Id.* Pursuant to Rule 2004(e), a debtor is entitled to some expense coverage:

> If the debtor resides more than 100 miles from the place of examination when required to appear for an examination under this rule, the mileage allowed by law to a witness shall be tendered for any distance more than 100 miles from the debtor's residence at the date of the filing of the first petition commencing a case under the Code or the residence at the time the debtor is required to appear for the examination, whichever is the lesser.

Fed. R. Bankr. P. 2004(e).[15] For corporate debtors, Fed. R. of Bankr. P. 9001(5) provides:

> [W]hen it is necessary to compel attendance of a debtor for examination and the debtor is not a natural person: (A) if the debtor is a corporation, "debtor" includes, if designated by the court, any or all of its officers, members of its board of directors or trustees or of a similar controlling body, a controlling stockholder or member, or any other person in control . . . .

Notably, *In re Little's Motor Company* presented similar facts.[16] In that case, the Chapter 7 trustee had required the corporate debtor's president and managing executive officer—a resident of Fort Myers Beach, Florida—to appear for oral examination pursuant to Rule 2004 over 600 miles away in the Northern District of Alabama—the location of the debtor's principal place of business and the trustee's offices. *In re Little's Motor Co.*, 53 B.R. at 636-37. The trustee had

---

[15] Section 1821(c) of Title 28 of the U.S. Code provides, in relevant part:
(c)(1) A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.
(2) A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle. Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services.

[16] While being decided close to 40 years ago, the relevant portions of the Bankruptcy Rules have remained unaltered.

7

commenced an adversary proceeding seeking to have the bankruptcy court adjudge that the debtor was the alter ego of its president and managing executive officer. *Id.* at 636. The court concluded that, as a condition of the trustee's examination of the debtor's principal, who had been designated to act as debtor, the trustee was required to tender to the principal mileage allowed by law to a witness for the distance from the principal's residence in Florida to the place of the examination in Alabama. *Id.* at 640.

Here, Debtor does not dispute that Hao and Yu are representatives of Debtor within the definition of Rule 9001(5). Instead, Debtor argues that, as Rule 2004(d) expressly provides, the Court has the discretion to order that, even as Debtor's representatives, Hao and Yu be compelled to appear through Zoom or a similar videoconferencing platform rather than in person. The Court does not disagree and similarly shares Debtor's view that nowadays depositions and, at times, even hearings can be held through remote means for efficiency and convenience. However, Debtor has subjected itself to this Court's jurisdiction by filing for bankruptcy, and Bitmain—as a creditor—has the right to question Debtor's representatives in person, especially when it will be reimbursing the representatives for most of the expense for them to travel to South Carolina.

The Court concludes that if Hao and Yu are to be examined by Bitmain at its counsel's offices in Columbia, South Carolina, Bitmain is required to tender them the mileage allowed by law to a witness for the distance from their respective residences in California to Columbia and its return.[17]

---

[17] Given the distance between California and South Carolina, the cost of mileage could add up to several thousand dollars per representative, which could be more expensive than the cost of a refundable roundtrip economy airline ticket. Accordingly, Hao and Yu should, in the alternative, seek Bitmain's payment of the cost of a refundable roundtrip economy class airplane ticket to Columbia from the closest airport to their respective residences—*whichever is cheaper*. *See* 28 U.S.C. § 1821(c).

8

### B. *Scope of Examination*

In the Motion, Debtor's counsel also seeks that the Rule 2004 examination be limited in scope to avoid any questions concerning Bennettech, AGA, and Lamill. Debtor further argues that "[q]uestion [sic] relevant to the litigation should be determined to be outside of the scope of the 2004 Examination or at the very least the Court should order that the Rule 2004 examination will not be used for any purpose in the pending proceedings." In seeking to limit the scope of Hao and Yu's examination, Debtor relies on the "pending proceeding rule," a well-recognized exception to the availability of Rule 2004 when litigation is commenced. *See In re Jasper Pellets, LLC*, 647 B.R. 151, 155-156 (Bankr. D.S.C. 2022). The rationale behind the rule is to prevent a party from using the Rule 2004 examination, which allows for broad and unfettered discovery, as a tactic to circumvent the procedural safeguards of the more stringent Federal Rules of Civil Procedure. *Id.; In re Bennett Funding Group, Inc.*, 203 B.R. 24, 29 (Bankr. N.D.N.Y. 1996) (granting adversary defendant's motion to bar the Chapter 11 trustee from conducting a Rule 2004 examination in the main bankruptcy case where that examination would necessarily involve issues and parties within the scope of the trustee's adversary proceeding).

In the Motion, Debtor relies on this Court's opinion in *Jasper Pellets* as its sole authority for the relief it seeks. That case, however, is distinguishable  In *Jasper Pellets*, the debtor had moved for permission to examine a witness who was neither the debtor's representative nor a party to an adversary proceeding brought against debtor in the bankruptcy court.[18] Here, Bitmain seeks

---

[18] In the Objection, Bitmain seems to argue that the decision in *Jasper Pellets* is inapposite and distinguishable in that "the Court was addressing a situation in which there was a pending adversary proceeding in the Bankruptcy Court involving a bidder for the Debtor's assets." *See* Objection at 5. However, courts have held that the pending proceeding rule is not limited to situations where the pending matter is an adversary proceeding in the bankruptcy case, and the rule is regularly applied also when the proceeding has been commenced in another forum. *See In re Washington Mutual, Inc.*, 408 B.R. 45, 51 (Bankr. D. Del. 2009).

9

to take the examination of Debtor's representatives, who were not individually named in the Arbitration or Federal Action.

The facts in this case are more similar to those presented in the case of *In re Oklahoma Automatic Door, Co.* *See* 599 B.R. 167 (Bankr. W.D. Okla. 2019). There, a creditor filed a motion seeking to compel the Chapter 7 debtor, by and through its president and sole stockholder, to submit to a Rule 2004 examination. The creditor had commenced a lawsuit against debtor and its representative in state court which was pending at the time the examination was sought. The debtor opposed the creditor's motion, asserting that the issues about which the creditor wished to interrogate the representative were the same as those asserted in the state court action, and that the Rule 2004 examination would therefore be "an impermissible 'end run' around the discovery protections afforded a deponent under state and federal procedural law." *Id.* at 170.

The court acknowledged the pending proceeding rule and its safeguards but noted that the rule itself had its own exception: "Discovery of evidence *related* to the pending proceeding must be accomplished in accord with the more restrictive provisions of [the Federal Rules of Bankruptcy Procedure], while *unrelated* discovery should not be subject to those rules simply because there is an adversary (or other action in another forum) pending." *Id.* at 171 (emphasis theirs) (quoting *Washington Mutual, Inc.*, 408 B.R at 51). While concluding that much of the subject matter of a 2004 examination would be the same as the representative's deposition taken in the state court litigation and acknowledging that the creditor's request for a 2004 examination "may well be a pretext for discovery in the action against [the representative] in state court," the court held:

> [W]hile there are several reasons that the pending proceeding rule may bar the [creditor] from conducting the 2004 examination, there is one important reason which is outcome determinative. [The representative] is the sole stockholder, operating officer and President of the Debtor. He is the one responsible for all of the information contained in the bankruptcy filings. He is certainly the person with the most knowledge of the financial condition of the Debtor. It must be

10

> remembered that the [creditor] is seeking an examination of the Debtor by and through Parker as it's [sic] corporate representative, not Parker as an individual. This is not just a distinction without a difference. To bar the examination would mean that the Court is holding that the major creditor of a corporation is not allowed to examine the corporate debtor by and through the person most knowledgeable of the corporation's financial condition simply because he is subject to state court litigation. In effect, such a holding would be that a creditor has no right to conduct a 2004 examination of the debtor."

*Id.* at 172 (emphasis removed).

The same reasoning applies here. Debtor filed its bankruptcy case in South Carolina and presented Hao and Yu as its representatives for questioning at the meeting of creditors. Meetings of creditors, however, are held by the chapter 7 trustee along with several other parties in interest; accordingly, creditors do not often get to ask all the questions they have of a debtor. Bitmain has the right to now examine Debtor through its representatives pursuant to Rule 2004.

Moreover, questioning directed to Debtor's relationships with Bennettech, AGA, and Lamill are relevant to the assets and liabilities of Debtor, which shares common equity holders. Consistent with the ability of the Court to impose terms and limits on the examination pursuant Rule 2004(d), however, the Court will prohibit the use of the Rule 2004 examination transcript in any other proceedings unless (a) Debtor, Hao, and Yu consent to such use, (b) Hao and Yu become unavailable to be deposed, or (c) for impeachment purposes. Based on the foregoing,

**IT IS HEREBY ORDERED** that Lixiong Hao and Jingrui Yu are designated as representatives of Debtor within the definition set forth in Bankruptcy Rule 9001(5) and shall submit themselves to be examined pursuant to Bankruptcy Rule 2004.

**IT IS FURTHER ORDERED** that the examination shall be conducted at a time and on a day stipulated by the attorneys for the parties or, if they do not agree, fixed by the Court. Within five (5) business days from the entry of this order, Debtor's counsel and Bitmain's counsel shall file with the Court joint correspondence setting forth the stipulated date and time for the

examination of Lixiong Hao and Jingrui Yu. To the extent that the parties are unable to stipulate to a date and time, the correspondence should provide weekday dates for the remainder of September 2024 through October 15, 2024, when Hao and Yu would **not** be available to be examined in person in Columbia, South Carolina (taking into account the travel time), and the Court will then set a time and date accordingly.

**IT IS FURTHER ORDERED** that to the extent that Bitmain, after further consultation amongst the parties, wishes to examine Hao and Yu in person, it shall tender to Hao and Yu, respectively, the lesser of (a) the cost of a refundable roundtrip economy airline ticket to Columbia from the airport closest to their respective residences, or (b) mileage reimbursement at the current rate allowed by federal law for driving from their respective residences to Bitmain's counsel's offices in Columbia, South Carolina, and returning to their residences, reduced by 200 miles. Within two (2) days of establishing the date and time for the examination, Hao and Yu shall provide Bitmain with receipts for their respective refundable roundtrip airline tickets along with instructions of where to remit payment to reimburse the expense. In the alternative, Bitmain shall reimburse Hao and Yu for the mileage—consistent with the limitations set forth herein—within five (5) business days following its receipt of documentation of the mileage incurred by Hao and Yu.

**IT IS FURTHER ORDERED** that the use of the Rule 2004 examination of Hao and Yu in any other proceeding or matter is prohibited unless (a) the parties consent to such use, (b) Hao and Yu become unavailable to be deposed for such other proceeding or matter, or (c) the transcript is being used solely for impeachment purposes.

**AND IT IS SO ORDERED.**