**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 24-02116-EG |
| | |
| | Chapter 7 |
| Sparc Foundry, LLC, | |
| | **SUPPLEMENTAL ORDER AS TO** |
| Debtor(s). | **RULE TO SHOW CAUSE** |

**THIS MATTER** comes before the Court on the Order for Rule to Show Cause ("Rule to Show Cause") entered on October 1, 2024 to consider the failure of Debtor's counsel and its representatives, Lixiong Hao ("Hao") and Jingrui Yu ("Yu"), to comply with the Order on Motion for Protective Order (the "Rule 2004 Order") and Order to File Correspondence previously entered by this Court on September 16, 2024 (ECF No. 34) and September 25, 2024 (ECF No. 37), respectively.

The Rule 2004 Order required Debtor's counsel and counsel for Bitmain Technologies Georgia Limited ("Bitmain") to file with the Court joint correspondence on or before September 23, 2024, setting forth the stipulated date and time for the 2004 examination of Hao and Yu, who were designated by the Court as Debtors' representatives pursuant to Bankruptcy Rule 9001(5). The Rule 2004 Order further provided that to the extent the parties were unable to stipulate as to a date and time for the examination, the correspondence should provide weekday dates for the remainder of September through October 15, 2024 when Hao and Yu would **not** be available to be examined in person in Columbia, South Carolina.

At 3:55 p.m. on Monday, September 23, 2024—the day the correspondence was due—Bitmain's counsel filed a letter with the Court indicating that "Debtor's counsel has been unable to provide any proposed dates to Bitmain, which otherwise is prepared to

1

accommodate the schedules of Messrs. Hao and Yu." (ECF No. 36). On September 25, 2024, the Court entered the Order to File Correspondence, providing that on or before 5:00 p.m. on September 26, 2024, "Hao and Yu, through Debtor's counsel, shall file correspondence with this Court indicating the weekday dates for the remainder of September through October 15, 2024 when they will **not** be available. Upon their failure to do so, sanctions may be imposed." The Order to File Correspondence further provided:

> To the extent that Debtor's representatives fail to file the correspondence as requested herein or provide limited availability for the Rule 2004 examination in Columbia, South Carolina, the Court will schedule a hearing at which Debtor's representatives will be ordered to appear in person.

The Order to File Correspondence was served on both Debtor's and Bitmain's counsel; however, neither filed any further correspondence or pleading prior to the Court entering the Rule to Show Cause. Bitmain's counsel never filed any further correspondence indicating that the parties were discussing October 15, 2024 as a possible date for the examination. Less than two hours after the Court entered the Rule to Show Cause, Debtor's counsel filed a letter (the "Letter") explaining that the parties had tentatively scheduled the examination of Hao and Yu for October 15, 2024. (ECF No. 41). Debtor's counsel acknowledged his failure to comply with the Court's orders while admitting there was no plausible excuse for it. He apologized to the Court for his "inattention and neglect" and requested that Hao and Yu not be required to attend the hearing scheduled for October 22, 2024 and that the Rule to Show Cause as to why sanctions should not be imposed be dissolved as to them.

In the Letter, Debtor's counsel also included email correspondence between him and Bitmain's counsel regarding the examination. The emails indicated that on Friday, September 20, 2024, Bitmain's counsel contacted Debtor's counsel following up "on the

compliance with the court's [Rule 2004 Order]" and requesting dates that Hao and Yu were available. Debtor's counsel then responded to the inquiry on Monday, September 23, 2024 at 5:17 p.m.—after Bitmain's counsel had filed the correspondence with the Court indicating that he had not received any possible dates for the representatives' examination—proposing October 15, 2024 as a possible date for the Rule 2004 examinations. At 5:46 p.m. that evening, Bitmain's counsel responded that "I can make that work"—referring to the October 15th proposed date. Based on the email correspondence, it appears that as of the end of the day on September 23, 2024—the day the Court had requested that joint correspondence of the parties be filed—Debtor and Bitmain had agreed on a date for Hao and Yu's examination. Neither party alerted the Court as to that email correspondence or the agreed upon examination date. Unaware of the parties having settled on a date for the examinations, the Court issued the Order to File Correspondence two days later, on September 25, 2024, and when the request therein also went unanswered, issued the Rule to Show Cause.

**THEREFORE, IT IS HEREBY ORDERED** that Hao and Yu are relieved from the requirement set forth in the Rule to Show Cause that they appear in person at the hearing scheduled for October 22, 2024. Their attendance is still required to address any further questions or issues the Court may have, but they may request, through Debtor's counsel, to appear by remote means.

**IT IS FURTHER ORDERED** that Richard R. Gleissner, as Debtor's attorney of record, and Bitmain's counsel[1] shall both appear at the scheduled hearing on October 22,

---

[1] The Court acknowledges that two attorneys have made appearances on behalf of Bitmain—one being granted *pro hac vice* admission. The Court is requesting the attendance of only one attorney and, to the extent that out-of-state counsel would also like to participate, to reduce costs, the Court will consider a request for *pro hac* counsel to appear via remote means.

3

2024 and be prepared to address issues related to compliance with the Court's prior orders and any issues remaining regarding the examination of Debtor's representatives pursuant to Rule 2004. Any out-of-state parties requesting remote appearance shall follow the Court's procedures for filing such request.

**IT IS FURTHER ORDERED that the Clerk's office is directed to serve a copy of this Supplemental Order as to Rule to Show Cause ("Supplemental Order") on Debtor's Counsel, the Debtor, Bitmain's counsel, the Chapter 7 Trustee, and the United States Trustee.** Debtor's counsel shall ensure that Hao and Yu receive notice of this Supplemental Order as the designated representatives of the Debtor.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**10/02/2024**



Elisabetta G. M. Gasparini
US Bankruptcy Judge
District of South Carolina

Entered: 10/02/2024