UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

In re

SPARC FOUNDRY, LLC,

Chapter 7
Case No. 24-02116-eg

Debtor

**RESPONSE OF BITMAIN TECHNOLOGIES GEORGIA LIMITED
TO SUPPLEMENTAL ORDER AS TO RULE TO SHOW CAUSE**

Bitmain Technologies Georgia Limited ("**Bitmain**") responds to the Court's Supplemental Order as to Rule to Show Cause [Docket No. 39] ("**Supplemental Order**") as follows:

1.      Counsel apologizes to the Court and Debtor's counsel for not taking a more proactive role in reaching out to Debtor's counsel and to otherwise failing to take action to keep the Court more fully informed to his understanding of the scheduling of the Rule 2004 examinations in this matter.

2.      By Order dated August 9, 2024 [Docket No.23] the Court granted Bitmain's motion to conduct a Rule 2004 examination.

3.      On August 23, 2024 Bitmain's counsel[1] wrote to Debtor's counsel to confirm a date for the examination.   A copy of this communication is appended hero as Exhibit A. Subsequently upon learning that Bitmain wanted to conduct the examination in person, counsel stated he would seek a protective order.

---

[1] The actions of "Bitmain's counsel" as referenced herein were those of the signatory to this pleading, Peter Haley, no other counsel (or the client Bitmain) had any involvement in the actions described.

4.      By Motion dated August 28, 2024, the Debtor moved the Court for the entry of a protective order.

5.      A hearing was held on the application for a protective order on September 10, 2024 and the Court advised that it would require the attendance of the witnesses in person.

6.      On September 12, 2024 counsel wrote to Debtor's counsel to confirm a date for the examination.   A copy of this communication is appended hero as Exhibit A

7.      On September 16, 2024 the Court issued its Order on Motion for a Protective Order [Docket No. 34] [the "**Protective Order**"].

8.      The Protective Order required counsel for the parties to stipulate to a date for the depositions or otherwise for counsel to the Debtor to provide the dates that the witnesses were not available through October 15, 2024, such actions to be completed by Monday, September 23, 2024[2]. Protective Order, pp. 11-12.

9.      On September 17, 2024, counsel wrote to Debtor's counsel to confirm a date for the examination, noting the entry of the Protective Order.    A copy of this communication is appended hero as Exhibit A.

10.     Having received no response, on Friday, September 20, 2024 counsel wrote to Debtor's counsel to confirm a date for the examination, attaching a copy of the Protective Order. A copy of this communication is appended hero as Exhibit A.

11.     Counsel to the Debtor responded to the September 20th communication by advising that he was working with his clients to determine a date.  A copy of this communication is appended hero as Exhibit A.

---

[2] Five (5) business days from entry of Protective Order.

12.    Counsel to the Debtor made no further communication by the deadline for responses to the Protective Order and counsel filed correspondence with the Court indicating that fact shortly before 4 pm on the day of the deadline.

13.    After responding to the Protective Order, counsel received a message from counsel at 5:15 pm  suggesting October 15th as a date for examination.  Counsel promptly agreed to the proposed date. (Copies of this correspondence are appended to Debtor's response to the Court. Docket No. 41)

14.    Bitmain's counsel anticipated that Debtor's counsel would confirm the date and indicate that to the Court by making a response to the Protective Order.  No response was made.

15.    The Court issued a further Order on September 25, 2024 [Docket No. 37] (the "**Second Order**") stating:

> IT IS THEREFORE ORDERED that on or before 5:00 PM on September 26, 2024, Hao and Yu, through Debtor's counsel, shall file correspondence with this Court indicating the weekday dates for the remainder of September through October 15, 2024 when they will not be available. Upon their failure to do so, sanctions may be imposed. To the extent that Debtor's representatives fail to file the correspondence as requested herein or provide limited availability for the Rule 2004 examination in Columbia, South Carolina, the Court will schedule a hearing at which Debtor's representatives will be ordered to appear in person.

Second Order, p. 2.

16.    The Second Order did not require any action from Bitmain and counsel took no action in response to the Second Order, assuming that Debtor's counsel would respond to the Order in a timely manner to indicate a date for the examination.   Debtor's counsel's failure to respond to the Court prior to September 25, 2024 caused Bitmain's counsel to question whether the principals of the Debtor had confirmed the October 15, 2024 date and suggested that perhaps they had not and, accordingly, Bitmain's counsel did not believe that he was in a position to confirm the date for the Court.

17.    Debtor's counsel made no response to the Second Order until October 1, 2024 [Docket No. 41].  Following that response,  the Court issued the Supplemental Order.

18.    In reviewing the Supplemental Order, it is evident to counsel that despite the command of the Second Order being directed to Debtor's counsel, the better practice would have been to make some communication to the Court calling attention to the October 15th date that had been proposed and/or to write or call Debtor's counsel to urge him to make a further response to the Court's orders or otherwise confirm the date.  Counsel apologizes to the Court and Debtor's counsel for having failed to do so.

Wherefore, Bitmain prays that the Court accept this Response and grant  any and all further relief that the Court deems appropriate.

Respectfully Submitted,

NELSON MULLINS RILEY & SCARBOROUGH L.L.P.

By: ___*/s/ Peter J. Haley*_____ _____
    Peter J. Haley (*pro hac vice*)
    Nelson Mullins Riley & Scarborough LLP
    One Financial Center, Suite 3500
    Boston, MA 02111
    Tel. (617) 217-4714
    Email: peter.haley@nelsonmullins.com

    Jody A. Bedenbaugh D.S.C. ID No. 9210
    Email: Jody.Bedenbaugh@nelsonmullins.com
    Paul T. Collins, D.S.C. ID No. 9055
    Email: Paul.Collins@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211)
    Columbia, SC  29201
October 3, 2024        Telephone: (803) 799-2000

    *Attorneys for Bitmain Technologies Georgia Limited*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

In re

SPARC FOUNDRY, LLC,

Chapter 7
Case No. 24-02116-eg

Debtor

**CERTIFICATE OF SERVICE**

I the undersigned with the law offices of Nelson Mullins Riley & Scarborough LLP, attorneys for Bitmain Technologies Georgia Limited, do hereby certify that I have served all parties in this action with a copy of the pleading(s) hereinbelow specified by either mailing a copy of the same by United States Mail, postage prepaid, or electronic service through the court's CM/ECF case filing system to the following:

Pleadings:

RESPONSE OF BITMAIN TECHNOLOGIES GEORGIA LIMITED
TO SUPPLEMENTAL ORDER AS TO RULE TO SHOW CAUSE

Parties Served by US Mail:

> Sparc Foundry, LLC
> 2600 Marlboro Way
> Bennettsville, SC 29512
>
> Lixiong Hao
> c/o Richard R. Gleissner
> Gleissner Law Firm, L.L.C.
> 1316 Washington Street, Suite 101
> Columbia, SC 29201
>
> Jingrui Yu
> c/o Richard R. Gleissner
> Gleissner Law Firm, L.L.C.
> 1316 Washington Street, Suite 101
> Columbia, SC 29201

US Trustee's Office
Strom Thurmond Federal Building
1835 Assembly St., Suite 953
Columbia, SC 29201

Parties Served by CM/ECF:

Richard R. Gleissner
rick@gleissnerlaw.com

Janet B. Haigler
jhaigler@haiglerlawfirm.com

_/s/ Peter J. Haley_
Peter J. Haley

October 3, 2024